IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MICHAEL T. LEWIS,                                                    PLAINTIFF,

VS.                                               CIVIL ACTION NO. 2:08CV-36-P-S

GEORGE F. "RICK" ADAM,
JOE WALKER, JAN A. D'ANGELO,
and MIKE MCCREADY,                                    DEFENDANTS.

**FINAL JUDGMENT**

This matter comes before the court upon Defendants' Motion to Compel Arbitration, to Dismiss for Lack of Personal Jurisdiction, to Dismiss for Failure to State a Claim, and/or to Dismiss Under the Doctrine of Forum *Non Conveniens* [16]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Since it is undisputed that this matter is subject to and covered by an arbitration agreement, the court concludes that the motion to compel arbitration should be granted pursuant to the Federal Arbitration Act. However, rather than stay the instant proceedings pending the outcome of arbitration as requested by the plaintiff, the court concludes that this action should be dismissed without prejudice. "The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by ... 9 U.S.C. §§ 9-12." *Id*.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Compel Arbitration, to Dismiss for Lack of Personal Jurisdiction, to Dismiss for Failure to State a Claim, and/or to Dismiss Under the Doctrine of Forum *Non Conveniens* [16] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion is **DENIED WITHOUT PREJUDICE** insofar as it seeks dismissal for lack of personal jurisdiction, dismissal for failure to state a claim, and/or dismissal under the doctrine of forum *non conveniens*;

(3) The motion is **GRANTED** insofar as it seeks to dismiss this action without prejudice and to compel it to arbitration; accordingly,

(4) The plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** and are **COMPELLED** to arbitration in accordance with the terms of the subject agreement and the Federal Arbitration Act; and

(5) This case is **CLOSED**.

**SO ORDERED** this the 28th day of January, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE